IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP TRUJILLO,                              No. CIV S-08-2677-MCE-CMK-P

       Petitioner,

  vs.                                          FINDINGS AND RECOMMENDATIONS

MIKE KNOWLES,

       Respondent.

_____/

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 11).

       Petitioner challenges a prison disciplinary proceeding. He claims that his due process rights were violated because he was denied the opportunity to call witnesses. In his motion, respondent argues, among other things, that this action is moot because the disciplinary violation resulting in the proceeding petitioner challenges was rescinded and reissued. Specifically, at the second level of administrative appeal, prison officials agreed with petitioner that he had not been provided the opportunity to call witnesses. Petitioner does not challenge the subsequent disciplinary proceeding. Respondent also argues that, because petitioner does not

1 challenge any disciplinary proceeding which resulted in the loss of time credits, the current action
2 does not relate to the fact or duration of confinement and, as such, does not raise federally
3 cognizable habeas corpus claim.

4   Petitioner does not dispute that the disciplinary proceeding he challenges in this
5 case arose from a violation which was rescinded and reissued.  He does not challenge that prison
6 officials agreed with him that he was denied the right to call witnesses.  In his opposition,
7 petitioner argues that his claim is cognizable because, at some point in the future, he might be
8 denied parole based on the rescinded violation.  This argument is not compelling.  First,
9 petitioner does not dispute that the underlying violation was rescinded and reissued, and he does
10 not challenge any subsequent disciplinary proceeding on the reissued violation.  Second,
11 petitioner does not have a claim that is cognizable on federal habeas review because the original
12 violation did not result in a loss of time credits.  Third, the claim is not rendered cognizable
13 based on petitioner's speculation that he may, sometime in the future, be denied parole.  In any
14 event, a future parole denial would not properly be based on a rescinded violation.  Again,
15 petitioner does not challenge any reissued violation.

16   Because petitioner's claim that he was denied the right to call witnesses was
17 resolved in his favor and the original violation was rescinded, and because petitioner does not
18 challenge any subsequent proceedings arising from the reissued violation, his claim is no longer a
19 live controversy.  For this reason, the claim is moot and the case must be dismissed.  See Murphy
20 v. Hunt, 455 U.S. 478, 481 (1982); see also Iron Arrow Honor Society v. Heckler, 464 U.S. 67,
21 70, 104 (1983).  Further, plaintiff's claim – even if not moot – is not cognizable on federal
22 habeas review because it does not relate to the fact or duration of his confinement.  See Rizzo v.
23 Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).
24 / / /
25 / / /
26 / / /

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 12, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE